**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAM CARLISLE,<br><br>Plaintiff,<br><br>v.<br><br>COWEN INC., JEFFREY M. SOLOMON, BRETT H. BARTH, KATHERINE E. DIETZE, GREGG A. GONSALVES, LORENCE KIM, STEVEN KOTLER, LAWRENCE E. LEIBOWITZ, MARGARET L. POSTER, and DOUGLAS A. REDIKER,<br><br>Defendants. | Civil Action No. ___________<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Sam Carlisle ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Cowen Inc. ("Cowen" or the "Company") and Cowen's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to The Toronto-Dominion Bank through its wholly-owned subsidiary Crimson Holdings Acquisition Co. (collectively "TD").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 11, 2022. The Proxy recommends that Cowen stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Cowen is acquired by TD. The Proposed Transaction was first disclosed

on August 2, 2022, when Cowen and TD announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which TD will acquire all of the outstanding shares of common stock of Cowen for $39.00 per share (the "Merger Consideration"). The deal is valued at approximately $1.3 billion and is expected to close in the first calendar quarter of 2023.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Cowen management, the financial analyses conducted by Ardea Partners LP ("Ardea"), Cowen's financial advisor, as well as potential conflicts of interest faced by the Company's additional financial advisor, Perkins Advisors, LLC ("Perkins Advisors").

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Cowen's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Cowen's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Cowen.

6. Defendant Cowen is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 599 Lexington Avenue, New York, New York 10022. Cowen common stock trades on the Nasdaq Global Select

Market under the ticker symbol "COWN."

7. Defendant Jeffrey M. Solomon has a director of the Company since 2011. Defendant Solomon has served as Chief Executive Officer since 2017 and as Chair of the Board since 2019.

8. Defendant Brett H. Barth has been a director of the Company since 2018. Defendant Barth serves as the Independent Lead Director.

9. Defendant Katherine E. Dietze has been a director of the Company since 2011.

10. Defendant Gregg A. Gonsalves has been a director of the Company since 2020.

11. Defendant Lorence Kim has been a director of the Company since June 23, 2022.

12. Defendant Steven Kotler has been a director of the Company since 2010.

13. Defendant Lawrence E. Leibowitz has been a director of the Company since 2018.

14. Defendant Margaret L. Poster has been a director of the Company since 2019.

15. Defendant Douglas A. Rediker has been a director of the Company since 2015.

16. Nonparty The Toronto-Dominion Bank is a Schedule I bank under the Bank Act (Canada), and a financial holding company with its principal executive offices located at 66 Wellington Street West, Toronto, Ontario, Canada, M5K 1A2. The Toronto-Dominion Bank common shares are listed on the New York Stock Exchange and the Toronto Stock Exchange under the symbol "TD".

17. Nonparty Crimson Holdings Acquisition Co. is a Delaware corporation and a wholly owned subsidiary of Toronto Dominion Holdings (U.S.A.) Inc., which is an indirect wholly owned subsidiary of The Toronto-Dominion Bank.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

21. Cowen is a diversified financial services firm that provides investment banking, research, sales and trading, prime brokerage, outsourced trading, global clearing, and commission management services. Cowen also has an investment management division which offers actively managed alternative investment products. Founded in 1918, Cowen is headquartered in New York and has offices worldwide.

22. On August 1, 2022, the Company entered into the Merger Agreement with TD.

23. According to the press release issued on August 2, 2022, announcing the Proposed Transaction:

**TD to Expand its U.S. Investment Banking Business and Capabilities with Acquisition of Cowen Inc.**

*Acquisition will create an integrated North American dealer, significantly accelerating TD Securities' U.S. growth strategy*

TORONTO and NEW YORK, Aug. 2, 2022 – TD Bank Group ("TD") (TSX: TD)

and (NYSE: TD) and Cowen Inc. ("Cowen") (NASDAQ: COWN) today announced a definitive agreement for TD to acquire Cowen in an all-cash transaction valued at US$1.3 billion, or US$39 for each share of Cowen common stock. Through this transaction, TD Securities will accelerate its long-term growth strategy in the United States by acquiring a high-quality and rapidly growing investment bank with outstanding talent and highly complementary products and services.

"Cowen is a leading independent dealer with a premier U.S. equities business and a strong, diversified investment bank that, when combined with TD Securities, will allow us to accelerate our strategic U.S. growth plans," said Bharat Masrani, Group President and CEO, TD Bank Group. "Most importantly, the acquisition will provide new capabilities and increased depth in key business lines to meet our clients' needs and will allow us to leverage our combined expertise, talent, and integrated offerings across a much larger client base."

With this acquisition, TD Securities will benefit from the addition of Cowen's 1,700 talented colleagues and its exceptional leadership team. Once the transaction closes, Jeffrey Solomon, Chair & CEO of Cowen, will join the senior leadership of TD Securities, reporting to Riaz Ahmed, President and CEO, TD Securities and Group Head, Wholesale Banking, TD Bank Group. To leverage the strength of Cowen's brand, post-closing, parts of the combined business will be known as TD Cowen, a division of TD Securities, and will be headed by Mr. Solomon.

"At Cowen our success comes from striving to outperform in all we do by exceeding expectations and providing innovative solutions to, and partnering with, our clients. Taking this step will make us even stronger and more effective in serving their growing needs," said Mr. Solomon. "The strategic decisions and focused investments that we have made over the last few years have positioned Cowen for this exciting next chapter of our growth. I look forward to having our exceptional talent and valued clients join the TD family. We plan to do great things together because we are aligned with our cultural values of vision, empathy, sustainability, and tenacious teamwork."

"Together, we will have more than 6,500 professionals in 40 cities across the globe, extending our reach into new industry coverage areas and building even deeper, long-term client relationships," added Mr. Ahmed. "I look forward to welcoming Jeff and his team to TD Securities and to the fantastic opportunities for growth we will create together."

**TD Securities and Cowen – A Leading Full-Service Investment Bank**

The combined firms' pro-forma global revenues will increase by more than a third to approximately C$6.8 billion[1] with added advisory, capital markets, equity execution and industry-leading research capabilities and broadened expertise in key growth sectors. Following the closing of the transaction, TD Securities' existing

depth and breadth in global market research capabilities will benefit from Cowen's complementary and highly diverse equity research franchise, which is positioned among the top 10 research platforms in the U.S. by both stocks under coverage and number of publishing analysts[2] and includes considerable expertise in Environmental, Social and Governance research. Furthermore, TD Securities' balance sheet and capital markets expertise are expected to bring immediate benefits to Cowen's existing client base.

**Transaction Highlights**

The transaction is expected to be modestly accretive to TD's 2023E adjusted EPS on a fully-synergized basis[3] and generate approximately 14% adjusted return on invested capital on a fully-synergized run rate basis.[4] The purchase price represents a 1.7 times multiple of Cowen's tangible book value as of March 31, 2022 and a 8.1 times multiple of Cowen's 2023E earnings.[5] TD expects to achieve US$300-350 million in revenue synergies by year three. TD expects to incur total pre-tax integration and retention costs of approximately US$450 million over three years.

The transaction, which has been approved by the boards of directors of TD and Cowen, is expected to close in the first calendar quarter of 2023, and is subject to customary closing conditions, including approvals from Cowen's stockholders and certain U.S., Canadian, and foreign regulatory authorities, including the Office of the Superintendent of Financial Institutions (OSFI), the Financial Industry Regulatory Authority (FINRA), and under the Hart-Scott-Rodino (HSR) Act.

---

[1] TD Securities twelve-month period ended April 30, 2022; Cowen twelve-month period ended March 31, 2022, using an exchange rate of US$1.00 = C$1.28; Cowen figure only includes Economic Proceeds for the Investment Banking and Brokerage segments. Economic Proceeds is a non-GAAP financial measure used by Cowen. Please see Cowen's 2021 Annual Report and Q1 2022 Earnings Release for a reconciliation of reported results to adjusted results. Non-GAAP financial measures and ratios used in this press release are not defined terms under IFRS (for TD Bank) or under U.S. GAAP (for Cowen) and, therefore, may not be comparable to similar terms used by other issuers.

[2] Top 10 in the U.S. in stocks under coverage (excluding Keefe, Bruyette & Woods Inc. from Stifel's stock count) and number of publishing analysts, based on Starmine as of December 2, 2021.

[3] Calculated on the basis of the median analyst consensus estimate of Cowen's Economic Income (US$102 million and US$156 million, for 2022E and 2023E, respectively) as of August 1, 2022 and assumes expected synergies are fully realized and reflects the expected impact of the sale of Schwab shares based on the median analyst consensus estimate of Schwab's adjusted EPS (US$3.92 per share and US$4.83 per share, for 2022E and 2023E, respectively). Consensus estimates are calendarized for TD fiscal year ending October 31, 2023. Adjusted EPS is a

non-GAAP financial measure. Economic Income is a non-GAAP financial measure used by Cowen.
[4] Calculated on the basis of the median analyst consensus estimate of Cowen's Economic Income (US$156 million for 2023E) and assumes expected synergies are fully realized.
[5] Cowen's 2023E earnings based on the median analyst consensus estimate of Cowen's Economic Income of US$156 million for the fiscal year ending December 31, 2023.

**B. The Materially Incomplete and Misleading Proxy**

24. On October 11, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

25. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Ardea's fairness opinion, Ardea reviewed "certain internal financial forecast scenarios for the Company . . . which were prepared by the management of the Company." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Cowen's management provided to the Board and Ardea.

26. Notably, Defendants failed to disclose each case ("Low," "Base," and "High") of the Company's financial forecasts and the line-item entries forming the basis of the forecasts for Unlevered Free Cash Flow and Economic Operating Income.

27. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning Ardea's Financial Analyses***

28. With respect to the *Illustrative Discounted Cash Flow Analysis,* the Proxy fails to disclose (a) Cowen's terminal values; (b) the Company's net debt as of March 31, 2022; (c) the Company's shares of class A common stock utilized by Ardea; and (d) the implied per share price ranges for each of the Company's Low Case, Base Case and High Case.

29. With respect to the *Illustrative Present Value of Future Stock Price and Dividends Analysis*, the Proxy fails to disclose: (a) the estimated dividends to be paid per share of class A common stock through the end of each of December 31, 2022, 2023, 2024, and 2025 for each of the Low Case, Base Case, and High Case; and (b) the implied per share price ranges for each of the Company's Low Case, Base Case and High Case.

30. With respect to the *Historical Premia Analysis*, the Proxy fails to disclose the actual transactions and the individual premiums analyzed and observed by Ardea.

***Materially Incomplete and Misleading Disclosures Concerning the Flawed Process***

31. The Proxy also fails to disclose material information concerning potential conflicts of interest faced by the Company's additional financial advisor, Perkins Advisors, including: (a) a description of financial analyses provided by Perkins Advisors to Cowen; (b) the compensation Perkins Advisors will receive for its engagement by the Company; and (c) the amount of compensation Perkins Advisors received from Cowen, TD, or any of their affiliates for any services rendered in the prior two years and a description of any such prior services.

32. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and

cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

33. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

34. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

35. Further, the Proxy indicates that on August 1, 2022, Ardea reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to Cowen stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Ardea's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

36. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

**CLAIMS FOR RELIEF**

**COUNT I**

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

37. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38. Defendants have filed the Proxy with the SEC with the intention of soliciting Cowen stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

39. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Cowen, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

40. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Cowen shares and the financial analyses performed by Ardea in support of its fairness opinion; and (iii) potential conflicts of interest of Perkins Advisors.

42. Moreover, in the exercise of reasonable care, the Individual Defendants knew or

should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Ardea reviewed and discussed its financial analyses with the Board during various meetings including on August 1, 2022, and further states that the Board considered Ardea's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

43. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Cowen within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cowen and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

48. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by

their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Cowen stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: October 30, 2022

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*